

## NUMBER 13-14-00388-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE STATE FARM LLOYDS, RICHARD FREYMANN, RICHARD LEE WALLIS, AND BERNADETTE GALVAN

### On Petition for Writ of Mandamus

## ORDER

**Before Chief Justice Valdez and Justices Perkes and Longoria
Per Curiam Order**

Relators, State Farm Lloyds, Richard Freymann, Richard Lee Wallis,, and Bernadette Galvan, have filed a petition for writ of mandamus requesting that this Court direct respondent, the Honorable Rose Guerra Reyna, Presiding Judge of the 206th District Court of Hidalgo County, Texas, to withdraw her order entered on May 28, 2014 denying relators' verified plea in abatement and to enter an order abating the suit for damages brought against relators by the real party in interest, Victor Garza Jr., until sixty days after the real party in interest provides relators with a notice letter for his claim stating

the specific, separate amounts for his claimed damages and attorney's fees. *See* TEX. INS. CODE ANN. § 541.154 (West, Westlaw through 2013 3d C.S.) ("Prior Notice of Action"); *id.* § 541.155 (West, Westlaw through 2013 3d C.S.) ("Abatement"); TEX. R. APP. P. 52.1 ("Commencement" of Original Proceedings). In addition, relators request that this Court issue immediate temporary relief staying respondent's order of May 28, 2014 pending final disposition of this original proceeding. *See* TEX. R. APP. P. 52.10 ("Temporary Relief"). As set forth below, the Court, having fully considered the petition for writ of mandamus, the request for immediate temporary relief, and the law, is of the opinion that a response should be requested from the real party in interest and that the request for temporary relief should be granted.

## I. STANDARD OF REVIEW

To establish entitlement to relief by mandamus, relators "must meet two requirements." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004). "One is to show that the trial court clearly abused its discretion." *Id.* "The other requirement . . . . is to show that . . . [relators have] no adequate remedy by appeal." *Id.* at 135–36. The Texas Supreme Court has explained that "[t]he operative word, 'adequate,' has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Id.* at 136. Although the Texas Supreme Court "has tried to give more concrete direction for determining the availability of mandamus review, rigid rules are necessarily inconsistent with the flexibility that is the remedy's principal virtue." *Id.*

2

## II. APPLICABLE LAW

The general rule is that "[p]leas in abatement are incidental rulings, the denial of which ordinarily does not support mandamus relief." *In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011) (orig. proceeding) (per curiam). However, the Texas Supreme Court has "note[d] that the improper denial of a plea in abatement may, on occasion, warrant mandamus relief." *Id.*

For instance, the Texas Supreme Court has granted mandamus relief in the context of a plea in abatement when a trial court issued an order actively interfering with the exercise of jurisdiction by a second court possessing dominant jurisdiction. *See Curtis v. Gibbs*, 511 S.W.2d 263, 266–68 (Tex. 1974) (granting mandamus relief directing a judge to sustain a plea in abatement in a child custody suit where one court attempted to exercise jurisdiction with respect to the children, despite the fact that dominant jurisdiction had previously been established in another court).

In addition, the Texas Supreme Court has considered the appropriate remedy when a trial court erroneously denies a defendant's request for abatement based on the failure of a plaintiff to provide the sixty day pre-suit notice required by the Texas Deceptive Trade Practices Act (DTPA). *See Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992). In *Hines*, the Texas Supreme Court held that under such circumstances, a "[d]efendant is entitled, but not obliged, to seek review of a denial of abatement by mandamus." *Id.* Alternatively, a "[d]efendant may wait until appeal from the final judgment to seek review of a denial of abatement, but the trial court's error must be shown to have been harmful to obtain reversal." *Id.* "Ordinarily, this would require a showing that defendant was unable to limit his damages under the statute by tendering a settlement offer." *Id.*

3

At least two intermediate courts of appeals that have considered the same issue in the context of the sixty day pre-suit notice provision of the Texas Insurance Code have concluded that mandamus relief is available to correct a trial court's erroneous denial of a motion to abate. For instance, the Fourth Court of Appeals has held that mandamus relief is appropriate when a trial court denies a plea in abatement based on a claimant's failure to provide the pre-suit notice required by Section 541.154 of the Texas Insurance Code. *See In re Behr*, No. 04-05-00895-CV, 2006 WL 468001, *2–3 (Tex. App.—San Antonio Mar. 1, 2006, orig. proceeding) (mem. op.) (holding that trial court's erroneous denial of request for abatement effectively deprived defendant of substantial rights "to limit his damage exposure through an offer of settlement" for which there was no adequate remedy on appeal). The Fourteenth Court of Appeals has also reached the same conclusion. *See In re Liberty Mutual Fire Ins. Co.*, No. 14-09-00876-CV, 2010 WL 1655492, at *5 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (mem. op.) (holding that mandamus relief was appropriate to correct trial court's erroneous denial of insurance company's plea in abatement based on claimant's failure to provide sufficient pre-suit notice as required by insurance code).

## III. CONCLUSION

Based on the foregoing, we conclude that it is appropriate to ask the real party in interest to respond to relators' petition for writ of mandamus. *See* TEX. R. APP. P. 52.4 ("Response"), R. 52.8(b)(1) ("Interim Action"). Accordingly, the Court requests that the real party in interest, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of five days from the date of this order. Furthermore, the Court, having considered relators'

request for temporary relief, is of the opinion that the request should be GRANTED.[1] Accordingly, relators' request for temporary relief is hereby granted. *See* TEX. R. APP. P. 52.10 ("Temporary Relief"). Respondent's order of May 28, 2014 is hereby stayed pending further order of this Court or final disposition of this original proceeding.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
9th day of July, 2014.

---

[1] Relators have not requested, and this Court has not granted, a stay of further proceedings in the district court.

5